# UNITED STATES DISTRICT COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| ACCESS BEHAVIORAL HEALTH SERVICES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Case No.: 1:16-cv-00107-EJL-REB <br><br> **MEMORANDUM DECISION AND ORDER RE DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND PLAINTIFF'S MOTION TO STRIKE** <br><br> **(Dkts. 20 & 29)** |

Pending are Defendant's Motion for Protective Order (Dkt. 20) and Plaintiff's Motion to Strike (Dkt. 29).[1] These are non-dispositive matters referred to this Court under 28 U.S.C. § 636(b)(1)(A) by United States District Judge Edward J. Lodge. (Dkt. 10). Having carefully considered the record, and otherwise being fully advised, the Court enters the following Memorandum Decision and Order:

## I. BACKGROUND

This is a tax refund suit brought by Plaintiff Access Behavioral Health Services, Inc. ("Access") against the United States under 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422. Access seeks a refund of the monies it paid against penalties assessed for failure to deposit, failure to file a tax return, and late payments. Compl. ¶¶ 5, 17, 18, 20, 26 (Dkt. 1). It alleges that its failures leading to the penalties were due to reasonable cause and not to willful neglect and therefore it is protected by 26 U.S.C. §§ 6651 and 6656 from the penalties assessed. *Id.* ¶ 25.

---

[1] The full title of Docket No. 29 is "Plaintiff's Motion to Strike Portions of Reply Brief, and in the Alternative for Leave to File a Supplemental Brief in Opposition to Motion for Protective Order."

**MEMORANDUM DECISION AND ORDER - 1**

Access's Complaint sets forth the allegations relevant to the motions at issue here. Since Access was formed in 2004, it has operated a business providing medical assistance and counseling to persons afflicted with mental illness and other disabilities. *Id.* ¶ 8. In 2005, its bookkeeper began embezzling money from the business, while also failing to make payroll deposits and file necessary returns. *Id.* ¶ 9. The bookkeeper falsified Access's records to show that payroll taxes were being deposited as required. *Id.* When Access's owners discovered the embezzlement and concealment in 2007, they promptly terminated the bookkeeper and reported the criminal conduct to local law enforcement. *Id.* ¶ 10. The owners then alerted the Internal Revenue Service ("IRS") of the bookkeeper's concealments and fraud and inquired about any problems with Access's tax filings and payments. *Id.* ¶ 11. When the owners "self-reported" Access to the IRS, they were allegedly told by the local IRS office that any penalties should be waived under the circumstances. *Id.*

The penalties were not waived. *Id.* ¶ 12. Based on the failure to timely file tax returns, the failure to timely make deposits of employment tax liabilities, and the failure to pay amounts due on the tax returns, the IRS assessed $156,981.97 in penalties from 3rd quarter 2005 through 4th quarter 2007. *Id.* ¶ 17. In 2011, after continuing protests by Access's representatives and following communications with a revenue officer, the IRS issued a notice stating that the case had been closed and that no collection action would be taken. *Id.* ¶ 19. Yet, further collection action was threatened and Access subsequently made payments against the penalties. *Id.* ¶ 20. The IRS has denied or ignored Access's refund requests for the penalties it has paid. *Id.* ¶ 22.

Central to the instant motions are the contents and context of the 2011 notice the IRS issued to Access. That notice was issued by the local IRS office and is titled "Notice of Case Resolution." Aff. of Brian Purdy ("Purdy Affidavit"), Ex. 2 (Dkt. 24-2). The notice provides in

pertinent part that "[w]e have closed your collection case. Based on our records, there are no taxes or tax returns currently due on this case for the tax types and periods listed below. We will reopen your case if warranted and will contact you if we do." *Id.* Five of the ten challenged tax periods are listed in the notice. *Id.*

The parties are engaged in discovery. As part of its discovery, Access seeks to depose two former IRS employees, Brian Purdy and Valerie Flores. Def.'s Mot. for Prot. Order 1 (Dkt. 20). These employees were involved with the 2011 Notice of Case Resolution the IRS issued to Access. *Id.* at 3. The Government seeks a protective order barring Access from deposing the named IRS employees. *Id.* at 1. It argues that their testimony is irrelevant because in a tax refund suit such as this, the court conducts a *de novo* review of the agency's decision instead of evaluating whether the IRS was correct. *Id.* at 4.

Access opposes the motion, arguing that the testimony of the IRS employees is relevant as to whether the IRS has in fact decided if there was reasonable cause for Access's failures. Pl.'s Opp. to Mot. for Prot. Order 2 (Dkt. 23). It asserts that the purpose of the testimony is to "confirm and explain an IRS written statement that has been provided, stating that no taxes are due from this taxpayer." *Id.* Concurrently with its opposition memorandum, Access also filed an affidavit of Brian Purdy, one of the IRS employees. Purdy Affidavit (Dkt. 24). Nonetheless, Access apparently still desires to depose Mr. Purdy formally. Access also affirms its continuing desire to depose the other IRS employee, Valerie Flores. Pl.'s Opp. to Mot. for Prot. Order 4 (Dkt. 23).

In reply, the Government largely repeats the arguments from its motion. Def.'s Reply in Supp. of Mot. for Prot. Order (Dkt. 26). However, it also asserts that the Purdy Affidavit should

**MEMORANDUM DECISION AND ORDER - 3**

be disregarded because former IRS employees cannot testify about a taxpayer's tax information without a testimony authorization, which has not been granted. *Id.* at 2, 8–9.

Subsequently, Access moves to strike those portions of the Government's reply brief relating to the Purdy Affidavit, or, in the alternative, for permission to file a supplemental brief. Pl.'s Mot. to Strike (Dkt. 29). Access contends it is improper for the Government to raise the new issue of the affidavit's authorization for the first time in a reply brief. *Id.* at 2. It also substantively addresses the Government's argument that the Purdy Affidavit is improper without a testimony authorization. Pl.'s Br. in Supp. of Mot. to Strike, and Supp. Br. in Opp. to Mot. for Prot. Order 2–6 (Dkt. 29-1). The Government responds that the motion to strike should be denied because the issue of the affidavit's propriety did not arise until Access filed the affidavit, so the issue could not have been raised in its opening brief. U.S. Resp. to Mot. to Strike or File Sur-Reply (Dkt. 31). The Government further argues that Access's alternative motion to file a supplemental brief should be denied. *Id.* at 5. Finally, Access reiterates its position that authorization was not required prior to submitting the Purdy Affidavit. Pl.'s Reply Br. in Supp. of Mot. to Strike or in the Alternative, for Leave to File Supp. Br. in Opp. to Mot. for Prot. Order (Dkt. 33).

## II. DISCUSSION

### A. Defendant's Motion for Protective Order Is Denied.

The Government seeks to bar Access from deposing two retired IRS employees who were involved in issuing a 2011 "Notice of Case Resolution" indicating that the IRS had closed its collection case against Access and that there were no taxes or tax returns then due. Mot. for Prot. Order 1 (Dkt. 20). The thrust of the Government's argument is that the context and circumstances surrounding the 2011 notice are irrelevant in the present proceeding, where the

Court must decide independently whether Access is entitled to a refund without reviewing the proceedings before the IRS. *Id.* at 1–6. It notes that the central issue in this case is whether Access can prove to the Court that its failure to file tax returns or pay taxes or deposits – from 2005 through 2007 – is due to "reasonable cause and not due to willful neglect." *Id.* at 4–5; *see also* 26 U.S.C. §§ 6651(a)(1) and (2), 6656(a). Testimony from IRS employees in 2011, the Government argues, has no bearing on whether Access's tax violations from 2005 through 2007 were due to reasonable cause. Mot. for Prot. Order 4–5 (Dkt. 20). The Government also contends that even if the testimony of IRS employees handling the case in 2011 were relevant, case law provides that oral statements of IRS employees are not binding on the Government in refund suits. *Id.* at 6 (citing *Qureshi v. United States*, 67 Fed. Cl. 783, 788 (Fed. Cl. 2005) and *Danoff v. United States*, 324 F.Supp.2d 1086, 1102 (C.D. Cal. 2004)).

Access asserts that "[t]he testimony of these IRS agents is relevant both as to whether the IRS has in fact determined whether there was reasonable cause, and to the existence of reasonable cause itself." Pl.'s Opp. to Mot. for Prot. Order 2 (Dkt. 23). Access further asserts that it "does not seek to elicit oral statements from IRS employees for any purpose other than to confirm and explain an IRS written statement that has been provided, stating that no taxes are due from this taxpayer." *Id.* Access construes the 2011 notice as granting its penalty abatement request. *Id.* at 4. It sought to confirm that position by serving a request for admission to that effect on the Government, which was denied. *Id.* The Government's basis for denial was that the notice "did not constitute a formal and definitive determination by the IRS that no taxes or tax returns were due regardless of any future facts that might be discovered." *Id.* (quoting Aff. of Richard G. Smith, Ex. 2, Interrog. No. 13 ¶ 3, p. 10 (Dkt. 25-2)).

**MEMORANDUM DECISION AND ORDER - 5**

Access anticipates the IRS employees' testimony would "explain the background, purpose and effect of the Notice of Case Resolution." Pl.'s Opp. to Mot. for Prot. Order 5 (Dkt. 23). It contends this testimony is relevant for two purposes: "(1) As an indication that the IRS has in fact determined that no further penalties are due in this case; and (2) as confirmation of the evaluation by two experienced IRS agents that reasonable cause does in fact exist to abate the penalties in this case." *Id.*

Access acknowledges that the *de novo* nature of tax refund cases limits the relevance of the factual and legal analysis employed by the IRS Commissioner. *Id.* at 5–6. However, Access also points out that assessments by the Commissioner are presumed to be correct and that it must overcome that presumption to meet its burden of proof before the Court. *Id.* at 6. In light of this standard, Access argues, "it is extremely relevant to show that the IRS has at one time made a determination that is inconsistent with the position it is now taking. Two experienced IRS agents, following IRS procedures, made a determination that the penalty should be abated." *Id.* Access further asserts that "[e]ven if the IRS can show that the Notice of Case Resolution was not a final determination, it is relevant as an admission that at that time, as evidenced by that document, the IRS believed the reasonable cause standard was satisfied." *Id.* at 7.

Under Federal Rule of Civil Procedure 26(b)(1), "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Upon motion, the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1).

A taxpayer seeking a tax refund bears the burden of proving that the assessment was incorrect. *Ray v. U.S.*, 762 F.2d 1361, 1362 (9th Cir. 1985) (citing *Helvering v. Taylor*, 293 U.S.

**MEMORANDUM DECISION AND ORDER - 6**

507, 515 (1935)). In such cases, courts conduct a *de novo* review of the correctness of the assessment. *R.E. Dietz Corp. v. United States*, 939 F.2d 1, 4 (2d Cir. 1991); *Ruth v. United States*, 823 F.2d 1091, 1094 (7th Cir. 1987); *D'Avanzo v. United States*, 54 Fed. Cl. 183, 186 (2002). A tax refund suit "is not an appellate review of the administrative decision that was made by the IRS; instead, the Court must make an independent decision as to whether the taxpayer is due a refund." *D'Avanzo*, 54 Fed. Cl. at 186. In a *de novo* review, "[t]he factual and legal analysis employed by the Commissioner is of no consequence to the district court." *R.E. Dietz Corp.*, 939 F.2d at 4. In tax refund suits, rulings by the Commissioner have the "support of a presumption of correctness." *Hostar Marine Transp. Sys., Inc. v. United States*, 592 F.3d 202, 208 (2010) (quoting *Welch v. Helvering*, 290 U.S. 111, 115 (1933)). Therefore, the taxpayer "bears the burden of persuading the trier of fact that the assessment is incorrect." *R.E. Dietz Corp.*, 939 F.2d at 4.

Resolution of the instant motion turns on the relevance of the IRS employees' testimony to whether Access had reasonable cause for its failures to file returns and pay taxes and deposits in 2005–2007. The Court is mindful that: (1) the *de novo* standard applies to Access's claim; (2) there either was or was not reasonable cause for Access's failures in 2005–2007; and (3) the opinions or actions of IRS employees involved in the case in 2011 simply cannot affect that result. However, Access need not show that events in 2011 could affect a legal conclusion based on conduct occurring no later than 2007. Under the discovery rules, Access's burden is to show merely that the testimony it seeks is "relevant to any party's claim." FED. R. CIV. P. 26(b)(1). The Court is satisfied that Access has met this burden.

Although the testimony sought here might not be controlling over the ultimate legal question in this case, it may nonetheless be persuasive. Access seeks the testimony to

**MEMORANDUM DECISION AND ORDER - 7**

understand the context and circumstances surrounding the 2011 notice. Presumably this testimony will include the facts and reasoning considered or relied on by the IRS in issuing the notice. Those facts or reasons are relevant to Access's claim in this case because they address the precise issue this case raises. For purpose of the discovery rules, it is of no import that the testimony relates to events occurring long after the facts on which the ultimate question of the case will be decided. The testimony sought is, on a surface review, relevant and therefore the Government's motion for protective order is denied. The Court is mindful that the particulars of any such testimony may yield further argument about relevancy from the Government, but such a possibility is a matter for a later day.

The Court need not, and does not, today reach the issue of whether the testimony at issue will bind the Government. Regardless of whether the testimony will bind the Government, it is relevant and therefore subject to discovery. "Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1). Issues regarding the admissibility or legal significance of the testimony in question can be raised at the appropriate time, if any such issues arise.

    B.    <u>Plaintiff's Motion to Strike is Denied But Its Motion for Leave to File a Supplemental Brief Is Granted.</u>

After Access filed the Purdy Affidavit with its opposition to the Government's motion for protective order, the Government challenged the propriety of the affidavit in its reply brief. Access moves to strike those portions of the Government's reply brief arguing this issue, on the grounds that it is waived because it was raised for the first time in a reply brief. Pl.'s Mot. to Strike (Dkt. 29). In the alternative, Access moves for leave to file a supplemental brief in opposition to the Government's motion for protective order. *Id.* It filed the supplemental brief it

now seeks leave to file at the same time as its motion. Pl.'s Br. in Supp. of Mot. to Strike, and Supplemental Br. in Opp. to Mot. for Prot. Order (Dkt. 29-1).

The Government argues in its reply brief on its motion for protective order that IRS employees are not authorized to give testimony unless the Government first obtains a testimony authorization as required by federal regulations. Reply in Supp. of Mot. for Prot. Order 8–9 (Dkt. 29) (citing 26 C.F.R. §§ 301.900-1 through 301.9000-6). The Government contends that absent such an authorization, "Mr. Purdy's affidavit does not bind the IRS or the United States." *Id.* Access characterizes this concise argument as improperly raising a new issue in a reply brief. Pl.'s Mot. to Strike 2 (Dkt. 29). In response, the Government contends it could not have raised an issue about the propriety of the Purdy Affidavit without knowing Access would file it. U.S. Resp. to Mot. to Strike or File Sur-Reply 1 (Dkt. 31).

The Government's point is well-taken. There was no apparent need for it to invoke the regulations it raised in its reply until Access filed the Purdy affidavit – which occurred after the Government moved for a protective order. Therefore, the Government's argument on this point will not be deemed waived as a new issue raised in a reply brief.

The Court does not now reach the issue of whether the Purdy Affidavit was unauthorized or does not bind the Government. In raising this issue, the Government indicated that it "has not obtained a testimony authorization for Mr. Purdy or Mrs. Flores pursuant to 26 C.F.R. §§ 301.900-1–301.9000-6, and will not do so unless the Court denies this motion." Def.'s Reply in Supp. of Mot. for Prot. Order 8 (Dkt. 26). The Court reads this to mean that the Government will proceed to seek any necessary testimony authorization in light of the denial of its motion for protective order. Accordingly, this issue is now moot, although it may later be re-raised by

either party as necessary. Access's motion to strike is denied but its alternative motion for leave to file a supplemental brief is granted.

### III. ORDER

Based on the foregoing, Defendant's Motion for Protective Order (Dkt. 20) is **DENIED** and Plaintiff's Motion to Strike Portions of Reply Brief (Dkt. 29) is **DENIED** but Plaintiff's alternative Motion for Leave to File A Supplemental Brief (Dkt. 29) is **GRANTED**.



DATED: **September 29, 2017**

_____
Honorable Ronald E. Bush
Chief U. S. Magistrate Judge